UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 18-0324-01 |
| VERSUS | JUDGE DONALD E. WALTER |
| BRIEN KEITH POWELL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a "Motion To Recuse Judge" filed pro se by the Defendant, Brien Keith Powell ("Powell"). See Record Document 121. In his motion, Powell contends that the undersigned "has exhibited a personal level of bias or prejudice against him" through (1) a personal relationship with trial counsel of record, (2) receipt of acquitted conduct in his presentence report, thus improperly tainting the ability to fairly and adequately assess any pending motions, and (3) issuing rulings that demonstrate a "complete manifest injustice." Id. at 2-3.

Motions for recusal under both 28 U.S.C. § 144 and 28 U.S.C. § 455 are committed to the sound discretion of the district judge. See Chitimacha Tribe of La. v. Harry L. Laws Co., 690 F.2d 1157, 1166 (5th Cir. 1982). A judge shall disqualify himself under 28 U.S.C. § 455(a) "in any proceeding in which his impartiality might reasonably be questioned." A judge shall also disqualify himself under certain circumstances enumerated under section 455(b), including "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b).

In determining whether recusal is appropriate under 28 U.S.C. § 455, the Fifth Circuit has stated that the recusal standard is an objective one. Powell must demonstrate that a reasonable and objective person, knowing all the facts and circumstances of the case, would harbor doubts

concerning the judge's partiality. See Patterson v. Mobil Oil Corp., 335 F.3d 476, 484 (5th Cir. 2003); Trevino v. Johnson, 168 F.3d 173, 178 (5th Cir. 1999). This showing must be based on specific facts to avoid giving a party a "random veto over the assignment of judges." Capizzo v. Louisiana, No. 99-138, 1999 WL 539439 at *1 (E.D. La. July 22, 1999) (quotations and citation omitted). Also, a Section 455 claim must not be so broadly construed that "recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993) (quotations and citation omitted). None of the circumstances requiring disqualification under Section 455 are present here and the factual circumstances Powell alleged are not grounds for recusal under this section.

To the extent that Powell's submission may be construed as a motion to recuse pursuant to 28 U.S.C. § 144, it is also insufficient. Section 144 provides, in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists. . . .

28 U.S.C. § 144. A legally sufficient affidavit of personal bias and prejudice on the part of a judge must meet three requirements: (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that bias exists; and (3) show that the bias is personal rather than judicial in nature. See Henderson v. Dep't of Pub. Safety & Corrs., 901 F.2d 1288, 1296 (5th Cir. 1990). None of these requirements have been met by Powell, despite the filing of his affidavit. The allegations are conclusory and insufficient to warrant recusal.

Powell's motion to recuse was based largely on conclusory allegations of prejudice stemming from rulings made in his case. Adverse judicial rulings alone do not support an

allegation of bias under Section 455 or Section 144.  See Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147 (1994); Matassarin v. Lynch, 174 F.3d 549, 571 (5th Cir. 1999).  Furthermore, the fact that a judge is acquainted with defense counsel is not sufficient to require recusal without more.  See Parrish v. Bd. Of Comm'rs of Ala. State Bar, 524 F.2d 98 (5th Cir. 1975) (en banc).  Simply stated, Powell has failed to articulate how any "well-informed, thoughtful, and objective observer, rather than the hypersensitive, cynical, and suspicious person" would harbor doubts about this Court's impartiality.  United States v. Jordan, 49 F.3d 152, 156 (5th Cir. 1995).

Accordingly,

**IT IS ORDERED** that Powell's motion to recuse is **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 5th day of February, 2024.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE