UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 18-324 |
| VERSUS | JUDGE DONALD E. WALTER |
| BRIEN KEITH POWELL (01) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court are a motion and supplemental motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and a motion for an evidentiary hearing filed *pro se* by Brien Keith Powell ("Powell").[1] See Record Documents 103, 112, and 113. The Government filed two oppositions to which Powell replied. See Record Documents 106, 115, 119, and 129. For the reasons assigned below, Powell's motions (Record Documents 103, 112, and 113) are **DENIED**.

**BACKGROUND**

On January 10, 2020, Powell pleaded guilty to possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) ("Count Two"), and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1) ("Count Three"). See Record Document 69. This guilty plea was a conditional plea pursuant to Federal Rule of Criminal Procedure 11(a)(2). See id. As part of this conditional plea, Powell reserved his right to appeal the Court's previous denials of his motions to suppress. See Record Document 71 at 2.

---

[1] Powell's request for an evidentiary hearing is denied. An evidentiary hearing must be held "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A court may deny a Section 2255 motion without an evidentiary hearing if "(1) the movant's claims are clearly frivolous or based upon unsupported generalizations, or (2) the movant would not be entitled to relief as a matter of law, even if his factual assertions were true." United States v. Harrison, 910 F.3d 824, 826-27 (5th Cir. 2018), as revised (Dec. 19, 2018). For the reasons discussed below, Powell's claims are clearly frivolous and/or based upon unsupported generalizations.

On September 22, 2020, Powell was sentenced to 168 months as to Count Two and 60 months as to Count Three, to be served consecutively for a total term of 228 months, and concurrent terms of supervised release of five years for each count. See Record Document 88 at 2-3. Powell appealed. See Record Document 90. On June 16, 2021, the United States Court of Appeals for the Fifth Circuit ("the Fifth Circuit") affirmed both this Court's denials of the motions to suppress and Powell's sentence. See United States v. Powell, 850 F. App'x 284, 286-87 (5th Cir. 2021).

Powell filed a timely motion to vacate his sentence under 28 U.S.C. § 2255.[2] See Record Document 103. In this motion, Powell argues (1) his conditional plea agreement was breached because his counsel did not argue on appeal that the search and seizure violated the Louisiana Constitution, and (2) he received ineffective assistance of counsel. See id. On December 6, 2023, Powell filed a supplemental Section 2255 motion, arguing that 18 U.S.C. § 924(c)(1) violates the Commerce Clause and the Second Amendment.[3] See Record Document 112. In response, the Government maintains that Powell's claims are meritless. See Record Document 119.

---

[2] Title 28 U.S.C. § 2255 provides for a one-year statute of limitations running from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Powell's conviction "became final on his last day for timely filing a petition for writ of certiorari, 90 days after entry of the Fifth Circuit's judgment." United States v. Lyons, No. 19-CR-0283, 2025 WL 2164558, at *2 (W.D. La. July 30, 2025) (citing United States v. Wheaten, 826 F.3d 843, 846 (5th Cir. 2016)). Pursuant to Rule 3(d) of the Rules Governing § 2255 Proceedings, "[a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing." Powell placed his Section 2255 motion in the prison mailing system on July 13, 2022. See Record Document 103-2. Therefore, this motion is timely.

[3] Powell's supplemental motion is untimely. The case he relies on, New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1, 142 S. Ct. 2111 (2022), has not been made retroactively applicable. See United States v. Mosley, No. 19-CR-320, 2024 WL 4668154, at *2 (W.D. La. Nov. 4, 2024). Nor does this claim relate back to Powell's timely-raised claim because it "assert[s] a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." United States v. Gonzalez, 592 F.3d 675, 679 (5th Cir. 2009) (quotation marks omitted). The Court shall nevertheless consider the merits of this argument.

2

On January 17, 2025, President Joseph R. Biden, Jr. ("President Biden") commuted Powell's total sentence of imprisonment to expire on July 16, 2025. See Record Document 130. However, President Biden left "intact and in effect the term of supervised release imposed by the court with all its conditions and all other components of the sentence." Id. at 24. Thus, Powell's Section 2255 motion has not been rendered moot, and the Court proceeds to the merits. See United States v. Perry, No. 19-CR-88, 2025 WL 260086, at *2 (D. Me. Jan. 22, 2025) (collecting cases of courts that considered the merits of a Section 2255 motion after the defendant received clemency because "the defendants remained subject to supervised release").

## LAW AND ANALYSIS

**I. Section 2255 Standard.**

Section 2255 provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." Id. "As the Supreme Court holds, '[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal.'" United States v. Cooper, 548 F. App'x 114, 115 (5th Cir. 2013) (quoting Bousley v. United States, 523 U.S. 614, 621 (1998)). After a defendant is convicted and exhausts the right to appeal, a court is "entitled to presume that the defendant stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (internal marks omitted) (quoting United States v. Frady, 456 U.S. 152, 164 (1982)).

3

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Young, 77 F. App'x 708, 709 (5th Cir. 2003) (citing United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992)). Even where the issues raised are constitutional or jurisdictional in nature, a defendant may be procedurally barred from raising them in a collateral attack. See Shaid, 937 F.2d at 232. If the constitutional or jurisdictional claims were not raised on direct appeal, the defendant's claims can only be considered on collateral review if he can show both "cause" for his procedural default and "actual prejudice" resulting from the alleged error. Id. Alternatively, a court may consider a procedurally defaulted claim if the defendant can establish actual innocence by showing it is more likely than not that no reasonable juror would have convicted the defendant of the offense. See Bousley, 523 U.S. at 623.

Courts "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). Nevertheless, a *pro se* litigant is still required to provide sufficient facts to support his claims, and "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993).

**II. Ineffective Assistance of Counsel.**

One transgression courts may consider for the first time on a Section 2255 motion is a claim for ineffective assistance of counsel. See United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996). To prevail on a claim that legal representation fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test established in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). The defendant must demonstrate his

"counsel's performance was deficient" and "the deficient performance prejudiced the defense." Id. at 687, 104 S. Ct. at 2064. The petitioner bears the burden of proof of showing both prongs are met. See id. Failure to establish either prong of the Strickland test will result in a finding that counsel's performance was constitutionally effective. See id.; see also Tucker v. Johnson, 115 F.3d 276, 280 (5th Cir. 1997); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997).

When determining whether counsel's performance was deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (quoting Michel v. State of La., 350 U.S. 91, 101, 76 S. Ct. 158, 164 (1955)). If a tactical decision is "conscious and informed . . . [it] cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." Crane v. Johnson, 178 F.3d 309, 314 (5th Cir. 1999).

To meet the second prong of Strickland, the defendant must show counsel's deficient performance resulted in actual prejudice to the defendant. Thus, the defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Where a defendant challenges his counsel's assistance on appeal, the defendant satisfies the Strickland prongs by showing (1) that defendant's counsel "was objectively unreasonable . . . in failing to find arguable issues to appeal—that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them" (i.e., deficient performance) and (2) "a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he

5

would have prevailed on his appeal" (i.e., actual prejudice). Smith v. Robins, 528 U.S. 259, 285, 120 S. Ct. 746, 764 (2000). "Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim." Smith v. Puckett, 907 F.2d 581, 585 n.6 (5th Cir. 1990); United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

In the instant filings, Powell argues his counsel was ineffective because he (a) failed to properly preserve and appeal the argument that the search and seizure violated the Louisiana Constitution, (b) failed to file motions based on purported violations of the Speedy Trial Act, (c) failed to inform Powell that signing a plea agreement would waive Powell's right to challenge the purported violations of the Speedy Trial Act, (d) failed to investigate, (e) failed to request a Franks hearing, (f) failed to communicate with Powell's state attorney, (g) refused to let Powell help with his defense, and (h) operated under a conflict of interest.[4] See generally Record Documents 103, 112, and 129.

To begin, Powell argues his counsel failed to properly preserve and appeal Powell's argument that the search and seizure violated the Louisiana Constitution. See Record Documents 103 at 5 and 103-1 at 3. This claim fails because "[c]ounsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim." Puckett, 907 F.2d at 585 n.6. Powell's argument relies on the purported invalidity of the search and seizure under state law. However, as the Fifth Circuit previously explained, "Powell's reliance on Louisiana law is unavailing because '[t]he question that a federal court must ask . . . is whether the actions of the state officials in

---

[4] The Court notes that nearly all of Powell's grounds concern conduct that occurred before he entered his plea of guilty. A guilty plea waives all non-jurisdictional defects in the proceedings against a defendant, including ineffective assistance of counsel, except as the ineffectiveness relates to the voluntariness of the plea. See United States v. Cavitt, 550 F.3d 430, 441 (5th Cir. 2008); Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983). Nevertheless, the Court shall consider the merits of each claim out of an abundance of caution.

securing the evidence violated the Fourth Amendment to the *United States Constitution*.'" United States v. Powell, 850 F. App'x 284, 286 n.2 (5th Cir. 2021) (emphasis added). Because the Fifth Circuit would have rejected Powell's argument that the search and seizure were invalid under the Louisiana Constitution, Powell has not demonstrated "a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal." Robins, 528 U.S. at 285, 120 S. Ct. at 764. Therefore, Powell's ineffective assistance of counsel argument premised on his counsel's failure to properly preserve and appeal an argument that the search and seizure violated the Louisiana Constitution fails.[5]

Powell next argues his counsel was ineffective because he failed to file motions challenging purported violations of the Speedy Trial Act. See Record Document 103 at 13. Powell maintains the Government violated the Speedy Trial Act because it did not "meet the 30 day[] and 70 day[] requirement[s]." Id. However, a review of the record demonstrates that there was no Speedy Trial Act violation. The alluded-to 30-day requirement[6] was not violated because Powell erroneously

---

[5] A corollary of this claim is Powell's contention that his counsel's failure to appeal the Louisiana Constitution claim breached his plea agreement. This argument also fails. The Court has thoroughly reviewed the record and notes that Powell's argument is an attempt to expand his state law electronic warrant claim, see Record Document 54, into an additional state law constitutional claim. In any event, the plea agreement did not impose an obligation on the *Government* to appeal a claim on Powell's behalf. As for Powell's counsel, that claim is more properly construed as an ineffective assistance of counsel claim, which fails for lack of prejudice as set forth *supra*.

Powell alternatively argues his sentence should be vacated because he did not enter into a knowing guilty plea. See Record Document 117 at 4. This argument, too, is without merit. Where a defendant claims his counsel's advice led him to accept a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985). Here, the record and Powell's sworn testimony demonstrate his plea agreement was not conditioned on the appeal of a state law *constitutional* claim. In sum, the record supports that Powell's plea was knowing, voluntary, and intelligent.

[6] Title 18 U.S.C. § 3161(b) provides that any indictment charging an individual "shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."

7

relies on the date he was arrested for an unrelated probation violation. See Record Documents 7 and 8. A review of the record demonstrates Powell was arrested or served with a summons in connection with the charges set forth in his indictment on the same day as the filing of that indictment. See Record Documents 1 and 5. Therefore, the Government did not violate the 30-day requirement.

The Government likewise did not violate the alluded-to 70-day requirement.[7] Powell was indicted on November 29, 2018, and had his initial appearance on May 1, 2019. See Record Documents 1 and 14. The Court uses the later of these two dates to determine if a Speedy Trial Act violation occurred. See United States v. Gordon, 93 F.4th 294, 302-03 (5th Cir.), cert. denied, 145 S. Ct. 226, 220 L. Ed. 2d 59 (2024). Having reviewed the record, the Court finds no violation. Any delay is attributable to either the disposition of a pretrial motion or a request for continuance that this Court granted after finding that the interests of justice outweighed the interest of the public and Powell in a speedy a trial. Such delays are expressly excluded when determining whether a violation occurred. See 18 U.S.C. § 3161(h). As such, the Government did not violate the 70-day requirement. In sum, there was no Speedy Trial Act violation. Powell's counsel is not deficient for and prejudice does not result from counsel's alleged failure to raise a meritless claim. See Puckett, 907 F.2d at 585 n.6. Therefore, this argument for relief is also unavailing.

Relatedly, Powell argues his counsel was ineffective because he purportedly failed to inform Powell that he would waive his Speedy Trial Act rights by pleading guilty. See Record Document 112 at 13. With this argument, Powell seems to additionally imply that he did not enter

---

[7] Title 18 U.S.C. § 3161(c)(1) provides that the trial of a defendant charged in an indictment "shall commence within seventy days from the filing date . . . of the . . . indictment, or from the date the defendant appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

into a knowing guilty plea. Neither contention has merit. First, as explained *supra*, no Speedy Trial Act violations occurred, and Powell accordingly cannot show he was prejudiced by any purportedly deficient advice leading to a "waiver" of those non-meritorious claims. Second, Powell has not shown "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985). Notably, both this Court and Powell's plea agreement explained to Powell that the "speedy trial requirements [would] start anew from the date of the Indictment being reinstated." Record Documents 71 at 2 and 94 at 9. Despite knowing that the requirements would start over, Powell decided to enter into that guilty plea. Based on this record, Powell's guilty plea was knowing and intelligent. Therefore, Powell's arguments premised on his counsel's purported failure to inform him that his Speedy Trial Act claims would be waived are meritless.

Powell next argues his counsel was ineffective for failing to investigate. See generally Record Documents 103 and 112. To provide effective assistance during the pretrial stages, trial counsel must "conduct a reasonable amount of pretrial investigation." Nealy v. Cabana, 764 F.2d 1173, 1177 (5th Cir. 1985) (quoting Martin v. Maggio, 711 F.2d 1273, 1280 (5th Cir. 1980)); Bower v. Quarterman, 497 F.3d 459, 468 (5th Cir. 2007) ("An attorney has a duty to independently investigate the charges against his client.") (citing Wiggins v. Smith, 539 U.S. 510, 524, 123 S. Ct. 2527, 2536-37 (2003)). To prevail on a habeas claim regarding a failure to conduct an investigation, the movant must "point to . . . specific evidence that would have been uncovered by a more thorough investigation." Nealy, 764 F.2d at 1178. A "failure to investigate can be constitutionally deficient only if it resulted in the exclusion of competent evidence." United States v. Drones, 218 F.3d 496, 502 (5th Cir. 2000).

Here, Powell contends his counsel did not "investigate the origin of the [] investigation surrounding the alleged controll [sic] buys that occurred on February 28, 2018, and March 28, 2018," did not "request [] all evidence that officers alleged that was used to support the controlled buy," and did not subpoena "Officer Donald Henry so that he [could] be questioned during the Franks hearing, and Suppression hearing." Record Documents 103 at 14 and 112-1 at 2 (underline added). Fatal to Powell's claim is his failure to identify what competent evidence was excluded by the purported failure to investigate. Powell does not direct the Court to any evidence an additional investigation would have uncovered. As such, Powell has not demonstrated that his counsel's investigation was deficient, and this claim fails.

Powell next argues his counsel did not request a Franks hearing "to test the legality of the [a]ffidavit" and "question the admissibility of the [confidential informant]" despite Powell's request for him to do so.[8] Record Document 112 at 14. In Franks v. Delaware, the Supreme Court held that while there exists "a presumption of validity with respect to the affidavit supporting the search warrant," a hearing is warranted only where the defendant makes "allegations of deliberate falsehood or of reckless disregard for truth . . . accompanied by an offer of proof." Franks v. Delaware, 438 U.S. 154, 171, 98 S. Ct. 2674, 2684 (1978). If the affidavit contains materially false statements or omissions, "[t]he court must then consider whether the remaining portion of the affidavit is sufficient to support a finding of probable cause." Moreno v. Dretke, 450 F.3d 158, 169 (5th Cir. 2006). Here, Powell argues his counsel is ineffective for failing to request a Franks

---

[8] The Court notes here that Powell also seems to argue his counsel was ineffective because he "failed to test the total circumstance [sic] surrounding the informant under the doctrine of Illinois v. Gates." Record Document 103 at 14 (underline added). However, Powell does not articulate what the basis for such a challenge would have been. The Court further notes that Powell's counsel relied on Illinois v. Gates, 462 U.S. 213, 103. S. Ct. 2317, in his motion to suppress. See Record Document 16 at 7. Based on this record, Powell has failed to demonstrate his counsel was deficient.

hearing, but he fails to direct the Court to any materially false statements or omissions present in the affidavit that would have entitled him to a hearing. As such, Powell has not rebutted the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Thus, this claim fails.

Powell next argues his counsel was ineffective for failing to "consult with State Attorney Michael Bowers to help [Powell's] case get afforded [sic] back to the State of Louisiana, and he refused to contact the state attorney." Record Document 129-1 at 3. Powell does not explain the significance of these communications in relation to his federal charge, and the Court shall not make any such arguments on Powell's behalf. Powell bears the burden of proving his ineffective assistance of counsel claims. See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. Because he has not shown how his counsel's performance was deficient, this claim fails.

Powell next argues his counsel was ineffective because he "only came and [saw him] [] three to four times, and each visit was only 5 through [sic] 10 minutes at a time . . . ." Record Document 103-1 at 3. However, "brevity of consultation time between a defendant and his counsel, alone, cannot support a claim of ineffective assistance of counsel." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). Even where counsel's consultation is very brief, the defendant must establish how the brevity of the consult changed the course of the representation. See id. at 282-83. The Fifth Circuit has held that counsel is not deficient for engaging in just one twenty-minute consultation where a petitioner cannot establish "what additional evidence could have been produced had additional conversations taken place" or any "available alternative defenses that [counsel] should have brought to his attention." Id. at 283. Here, Powell has wholly failed to show how the purported infrequency of his counsel's visits adversely affected the course of his representation. As such, this claim, too, fails.

11

Powell next argues his counsel was ineffective because he "refused to let [Powell] help" with his case "during the pre-trial stage." Record Document 103-1 at 3. Powell does not identify what "help" he would have offered beyond alluding to several motions he would have liked his counsel to file. Powell has not shown those motions would have been meritorious. Without such evidence, Powell fails to rebut the strong presumption that his counsel's conduct fell "within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Even assuming his counsel was deficient, Powell has not shown "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068. Therefore, this claim is without merit.

Finally, Powell argues his counsel was ineffective because he allegedly operated under a conflict of interest. See Record Document 103 at 13-14. However, Powell's counsel did not jointly represent Powell and the Government, and no evidence suggests Powell's counsel collaborated with the Government. Powell's purported "evidence" of the conflict is that his counsel did not argue that the Government violated the Speedy Trial Act and did not file motions that Powell allegedly requested. See id.; see also Record Document 112 at 14. Neither allegation has merit. As explained *supra*, there was no Speedy Trial Act violation, so his counsel's failure to file a motion on that ground does not suggest a conflict of interest. Additionally, Powell fails to explain how his counsel's decision not to file certain motions can be attributed to a conflict of interest with the Government as opposed to a reasonable trial strategy. Therefore, this claim is without merit.

### III. 18 U.S.C. § 924(c)(1)

Powell argues that 18 U.S.C. § 924(c)(1) violates the Second Amendment and the Commerce Clause. See Record Document 112 at 17. The Court begins with Powell's argument that 18 U.S.C. § 924(c)(1) violates the Second Amendment facially and as applied to him.

12

The Second Amendment of the United States Constitution provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. The Supreme Court interpreted the Second Amendment to confer "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." D.C. v. Heller, 554 U.S. 570, 635, 128 S. Ct. 2783, 2821 (2008). The Supreme Court later recognized that the Second Amendment's protections extend to "an individual's right to carry a handgun for self-defense outside the home." New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1, 10, 142 S. Ct. 2111, 2122 (2022). However, the Second Amendment does not grant the "right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." Heller, 554 U.S. at 626, 128 S. Ct. at 2817. As with most constitutional rights, "the right secured by the Second Amendment is not unlimited." Id.

In Bruen, the Supreme Court promulgated a test for determining whether a firearms regulation is consistent with the Second Amendment. See Bruen, 597 U.S. at 17, 142 S. Ct. at 2126. "[W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." Id. Where a regulation impinges on conduct covered by the plain text of the Second Amendment, the Government "must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." Id. This latter historical inquiry "will often involve reasoning by analogy." Id. at 28, 142 S. Ct. at 2132.

"[D]etermining whether a historical regulation is a proper analogue for a distinctly modern firearm regulation requires a determination of whether the two regulations are 'relevantly similar.'" Id. at 28-29, 142 S. Ct. at 2132. The central consideration for determining if a regulation is relevantly similar is "whether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified." Id. at 29, 142 S.

13

Ct. at 2133. In other words, courts should consider "how and why the regulations burden a law-abiding citizen's right to armed self-defense." Id. at 29, 142 S. Ct. at 2132-33. This inquiry does not require the challenged modern regulation to have a "historical twin" or to "precisely match its historical precursors." United States v. Rahimi, 602 U.S. 680, 692, 144 S. Ct. 1889, 1898 (2024).

In the instant motion, Powell challenges the constitutionality of 18 U.S.C. § 924(c)(1). This statute provides terms of imprisonment for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . ." 18 U.S.C. § 924(c)(1)(A). Therefore, the issue before the Court is whether a regulation that prohibits the use or possession of a firearm during the commission of a drug trafficking crime or crime of violence contravenes the Second Amendment. Ultimately, the Court finds such regulation is constitutional both facially and as applied to Powell.

The Fifth Circuit has found that "[t]he Second Amendment allows Congress to disarm classes of people it reasonably deems dangerous." United States v. Kimble, 142 F.4th 308, 314-15 (5th Cir. 2025). As such, the Fifth Circuit upheld 18 U.S.C. § 922(g)(1)'s[9] "prohibition on gun possession by individuals convicted of drug-trafficking felonies" because such prohibition "enacts [] a disarmament regime consistent with Bruen's 'why' and 'how' test." Id. at 315. Because the Government can regulate firearm possession for people *previously* convicted of drug-trafficking felonies, it stands to reason that the Government may likewise regulate firearm possession for people *actively committing* drug-trafficking crimes. Indeed, "[t]he Supreme Court has long recognized 'that drugs and guns are a dangerous combination.'" Id. at 316 (quoting Smith v. United

---

[9] Title 18 U.S.C. § 922(g)(1) makes it unlawful for any person "who has been convicted in any court, of a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. Therefore, unlike 18 U.S.C. § 924(c)(1), 18 U.S.C. § 922(g)(1) regulates the possession of firearms for an entire class of people, regardless of the underlying circumstances of that possession.

14

States, 508 U.S. 223, 240, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993)). If it "makes sense" to disarm drug dealers under 18 U.S.C. § 922(g)(1) "because their past crimes were inherently dangerous," it likewise "makes sense" to punish the possession of firearms by individuals actively participating in those "inherently dangerous" crimes. Id. at 317. As such, 18 U.S.C. § 924(c)(1)(A) is consistent with this Nation's historical tradition of firearm regulation and is constitutional both facially and as applied to Powell. See United States v. Rodriguez, No. 22-CR-209, 2025 WL 2607969 (W.D. Tex. Sept. 8, 2025) ("Section 924(c)(1) is consistent with the nation's historical tradition of imposing enhanced penalties for felonies committed while armed. Violation of these historical laws resulted in capital punishment and/or estate forfeiture. The principle of imposing harsher punishments for armed felony offenses is firmly rooted in our regulatory tradition."); see also United States v. Young, No. 21-CR-19, 2024 WL 534955, at *6 (W.D. La. Feb. 9, 2024) ("The Government correctly notes that constitutional rights do not extend to furthering criminal conduct. . . . Therefore, the Court concludes that Section 924(c)(1)(A) is constitutional.").

      The Court turns now to Powell's challenge under the Commerce Clause. The Commerce Clause gives Congress the power to regulate commerce "among the several States." U.S. Const. art. I, § 8, cl. 3. The Fifth Circuit does not appear to have squarely addressed whether 18 U.S.C. § 924(c)(1)(A) violates the Commerce Clause. However, the Fifth Circuit has previously rejected certificates of appealability for 28 U.S.C. § 2255 motions predicated on such a challenge. See United States v. Randall, 108 F.3d 331, 331 (5th Cir. 1997); United States v. Ray, No. 24-20358, 2025 WL 2884481, at *1 (5th Cir. Jan. 7, 2025), cert. denied, No. 25-5841, 2025 WL 3198659 (U.S. Nov. 17, 2025). Other circuits to consider the issue have found that 18 U.S.C. § 924(c)(1)(A) does not violate the Commerce Clause. See e.g., United States v. Walker, 142 F.3d 103, 111 (2d Cir.1998); Costigan v. Yost, 334 F. App'x 460, 462 (3d Cir. 2009); United States v. Crump, 120

F.3d 462, 465 (4th Cir. 1997); <u>United States v. Taylor</u>, 203 F. App'x 94, 95 (9th Cir. 2006). The Court finds these cases persuasive and holds that 18 U.S.C. § 924(c)(1)(A) does not violate the Commerce Clause. Therefore, this claim fails.

The Court has now addressed each of Powell's claims and found them without merit. As such, Powell has failed to demonstrate that he is entitled to relief under 28 U.S.C. § 2255.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Powell's *pro se* Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Record Documents 103 and 112) are **DENIED**.

**IT IS FURTHER ORDERED** that Powell's request for an evidentiary hearing (Record Document 113) is **DENIED**.

Pursuant to Rule 11(a) of the rules governing Section 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. In this instance, a certificate of appealability is **DENIED** because Powell has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the instant Memorandum Ruling shall be issued herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 10th day of December, 2025.

*[signature: Donald E. Walter]*

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

16